■ ANTHONY ALBA, Respondent, v LONG ISLAND RAILROAD COMPANY et al., Respondents, and ST. CECILIA'S ROMAN CATHOLIC CHURCH et al., Appellants.

Order of the Supreme Court, New York County (Louis Grossman, J.), entered on November 12, 1987, which, *inter alia,* granted plaintiff's motion to serve an amended complaint repleading the cause of action in negligence against the church defendants and deemed the amended complaint served, is unanimously affirmed, without costs or disbursements.

This litigation arises out of an incident which occurred when plaintiff Anthony Alba, then attending a Roman Catholic retreat operated by defendant St. Cecilia's Roman Catholic Church (Church) and held at defendant St. Paul's Center, apparently suffered a psychotic episode and, while in an emotionally unstable condition, departed the premises with the knowledge and possible assistance of the Church. Shortly thereafter, plaintiff lay down on the tracks of the Long Island Railroad and was hit by an oncoming train, sustaining serious

multiple injuries, particularly the loss of both of his legs. It is plaintiff's contention that the Church's conduct in allowing him to leave the retreat in a state of severe psychological distress constitutes actionable negligence. In moving to dismiss the complaint pursuant to CPLR 3211, defendants argued, in part, that plaintiff's lawsuit was barred by the free exercise of religion provision of the First Amendment of the US Constitution and, in addition, that the complaint failed to state a cause of action since the Church had not breached a duty which it owed to plaintiff. Although the Supreme Court granted the motion to dismiss, it *sua sponte* granted leave to plaintiff to file motion papers and supporting affidavits seeking to replead. The instant appeal is not only from that order but also from a subsequent one permitting plaintiff to serve an amended complaint. In that connection, the amended complaint, alleging that defendants owed a cognizable duty of care to plaintiff which they failed to discharge and that plaintiff suffered damages as a consequence thereof, is adequately pleaded to set forth a cause of action under the circumstances of the instant case *(see, Donohue v Copiague Union Free School Dist.,* 64 AD2d 29, *affd* 47 NY2d 440). Concur—Sandler, J. P., Sullivan, Asch, Milonas and Smith, JJ.